UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DAWN STROPE-ROBINSON and the ESTATE OF DAVID CLAIR STROPE, | Court File: 18-CV-2454 (DWF/LIB) |
| Plaintiffs, | **AMENDED COMPLAINT** |
| vs. | |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

---

Plaintiff(s) Dawn Strope-Robinson (Plaintiff "Dawn Strope") and the Estate of David Clair Strope, Deceased (the "Estate") (collectively Dawn Strope and the Estate are referred to as "Plaintiffs"), by and through their undersigned attorneys, for their COMPLAINT against Defendant STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation (hereinafter referred to as "Defendant" and/or "State Farm"), state and allege as follows:

## COMMON ALLEGATIONS

1.  This COMPLAINT against State Farm is brought pursuant to the Minnesota Uniform Declaratory Judgment Act, Minn. Stat. § 555.01, et seq. and pursuant to the common law and statutory laws of the State of Minnesota governing insurance companies to declare the rights of Plaintiffs to homeowner's insurance coverage under State Farm's policy.

2.  At all times relevant to this litigation, Plaintiff Dawn Strope-Robinson (Plaintiff "Dawn Strope") resided at 1437 South Chestnut Avenue, Green Bay, WI 54304. The Estate of David Clair Strope, Deceased (the "Estate") is an Estate for the David Clair Strope, deceased ("Decedent") filed in the County of Saint Louis, Virginia Division, State of Minnesota, Sixth Judicial Circuit, Case Number 69HI-PR-17-95. Plaintiff Dawn Strope-Robinson is the

1

Administrator of the Estate.

3.      At all times relevant to this litigation, Defendant STATE FARM FIRE AND CASUALTY COMPANY was an Illinois insurance company that maintained its principal place of business in the State of Illinois at One State Farm Plaza, Bloomington, IL 61710, with an NAIC Code of 176 25143 (hereinafter referred to as "State Farm").

4.      At all times material, STATE FARM FIRE AND CASUALTY COMPANY was transacting business and issuing insurance in the State of Minnesota.

5.      Jurisdiction in this Court is properly conferred with respect to the allegations set forth herein under the Minnesota Uniform Declaratory Judgment Act, Minn. Stat, § 555.01 et seq. and under the laws and statutes of the State of Minnesota, as the subject of the litigation involves the homeowner's insurance coverage of real estate which is located at 4450 Pelican Road, Orr, Minnesota 55771.  Venue is proper pursuant to Minn. Stat. § 542.01 et seq. as the subject of the litigation involves real estate which is located in Saint Louis County Minnesota.

6.      Defendant State Farm removed this action based upon diversity jurisdiction with in excess of $75,000 in controversy pursuant to 28 USC § 1332 on August 22, 2018.

## FACTUAL BACKGROUND

7.      In August of 2017, David Strope owned certain property located at 4450 Pelican Road, Orr, Minnesota 55771, which is in Saint Louis County Minnesota (the "PROPERTY"). The Parcel Number of the PROPERTY commonly known as 4450 Pelican Road, Orr, Minnesota 55771, is 425-0030-00698.  The PROPERTY is more specifically described as follows:

> All that part of Government Lot One (1), Section Eight (8), Township Sixty—four (64) North, Range Twenty (20) West of the Fourth principal Meridian described as follows:
>
> That part of the Westerly Fifty Feet (WLY50') of the Easterly Five Hundred Eight Feet (ELY508') of Lot One (1), which lies North of the line 2,793 feet North of the South line of section Eight (8), Township Sixty—four (64), Range Twenty (20); and,

> That part of the westerly Fifty Feet (WLY50') of the Easterly Five Hundred Fifty—eight Feet (ELY558') of said Lot One (1), which lies north of a line 2,587.88 feet North of the South line of said Section 8, Township 64 , Range 20, subject to a perpetual private roadway easement 16 feet in width equidistant from the center line of the existing roadway over and across said Lot 1.
>
> SUBJECT to prior mining and mineral reservations of record and rights appurtenant thereto.
>
> According to the United States Government Survey thereof, situated in the County of St. Louis, State of Minnesota.

8. At all times relevant thereto in August of 2017, Decedent David Clair Strope ("Decedent") was the named insured on a HOMEOWNERS policy of insurance, policy number 23-B0-7258-5, that was in effect from June 3, 2017 to June 3, 2018 and which covered the fire loss and damage to the PROPERTY.

9. In August of 2017, Decedent was dying of Leukemia and executed a TRANSFER ON DEATH DEED pursuant to *Minn. Stat. 507.071* to transfer the PROPERTY to his niece Plaintiff Dawn Strope-Robinson ("Plaintiff"), that was recorded on August 11, 2017.

10. On August 14, 2018, Decedent passed away from complications related to Leukemia.

11. Upon information and belief, on or about August 20, 2017, Denise Marene Lehti, the ex-wife of DECEDENT who had threatened to burn the home located on the PROPERTY before DECEDENT passed away ("EX-WIFE"), used gasoline and/or other accelerant to commit arson and burn down the home located on the PROPERTY.

12. Upon information and belief, on or about August 21, 2017, the EX-WIFE was seen by witnesses who were neighbors carrying red cans of gasoline from the PROPERTY as the home on the PROPERTY burned.

13.     In order to gain the full benefits of ownership, Plaintiff Dawn Strope was required under *Minn. Stat. 507.071* to complete a shortened version of the probate process for ownership of the PROPERTY.

14.     Further, under *Minn. Stat. 507.071, subdivision 26,* the jurisdiction for resolution of any disputes relating to a TRANSFER ON DEATH DEED are to be resolved in the Probate Division.

15.     On or about August 21, 2017, as required by *Minn. Stat. 507.071*, Plaintiff Dawn Strope filed a CLEARANCE CERTIFICATE FOR PUBLIC/MEDICAL ASSISTANCE CLAIM TRANSFER ON DEATH DEED for the PROPERTY.

16.     On or about August 28, 2017, as required by *Minn. Stat. 507.071*, Plaintiff Dawn Strope filed an AFFIDAVIT OF IDENTITY AND SURVIVORSHIP FOR TRANSFER ON DEATH DEED along with a redacted copy of the Death Certificate for Decedent, completing the process to transfer title to Plaintiff Dawn Strope.

17.     Until at least August 28, 2017, as required by *Minn. Stat. 507.071*, Plaintiff Dawn Strope could not exercise the benefits of ownership of the PROPERTY until completing the mini probate like process provided by *Minn. Stat. 507.071*.

18.     The fire was timely reported to State Farm so that they could complete an investigation of the fire.

19.     On October 24, 2017, Plaintiff Dawn Strope was appointed as Special Administrator of the Estate of David Strope and later was appointed Personal Representative on September 17, 2018.

20.     Plaintiffs Dawn Strope-Robinson and the Estate of David Clair Strope, Deceased filed timely claims with Defendant State Farm in the alternative.

21.     On July 13, 2018, State Farm accepted the claim of the Estate of David Strope for personal property located in the home on the PROPERTY and paid the claim.

22.     On that same date, State Farm denied the claim of Dawn Strope-Robinson and the Estate claiming that Ms. Robinson was not a "named insured" so she had no insurable interest and simply intentionally ignoring the claim made in the alternative for the Estate.

## COUNT I AGAINST STATE FARM
## REQUEST FOR DECLARATORY JUDGMENT OF
## COVERAGE BASED UPON CONTRACT, EQUITY AND/OR STATUTE

23.     Plaintiffs re-allege and re-incorporate their allegations in paragraphs 1 through 22 of this COMPLAINT as though fully set forth herein.

24.     The Insured Decedent David Strope had a reasonable expectation under the insurance contract with State Farm that his Estate and/or his successor in interest, including the Plaintiffs would have insurance coverage under a policy that was paid for until the following June 2018 for a reasonable period of time after his death until alternative coverage could be obtained; therefore, State Farm breached its contract with the successors to the Decedent, the Plaintiffs.

25.     As Plaintiff Dawn Strope did not have the benefits of ownership until after she had filed all of the pertinent documents under *Minn. Stat. 507.071*, which was not complete until August 28, 2017, a week after the fire occurred, State Farm had no reasonable basis to make a distinction between the Estate of David Strope and Plaintiff, both whom are the successor in interest of David Strope under Probate law, as both the Estate and Plaintiff were under the umbrella of the jurisdiction of the probate court until the process of probate was complete, even if the probate process for the Transfer on Death Deed was a summary probate process.

5

26.	Plaintiff Dawn Strope, as the transferee of the Transfer on Death from Decedent, was the successor in interest to the State Farm insurance policy for the real estate as much as the Estate of David Strope was the successor the State Farm Insurance Policy for purposes of the personal property claim. Alternatively, the Estate was the successor in interest to the State Farm insurance policy for the real estate as much as the Estate of David Strope was the successor in interest to the State Farm Insurance Policy for purposes of the personal property claim.

27.	State Farm is estopped from denying coverage to Plaintiffs Dawn Strope and/or to the Estate as the HOMEOWNERS policy of insurance, policy number 23-B0-7258-5, to David Strope was in effect from June 3, 2017 to June 3, 2018 covering the fire loss and damage to the PROPERTY, and State Farm never at any time returned the unused premium to the Estate of David Strope. Plaintiffs Dawn Strope and/or the Estate is entitled to restitution and/or other equitable relief from State Farm for the damage to the home on the PROPERTY as it was unfairly benefited to the extent that it had coverage paid for an additional nine and one-half months without reimbursement to the Estate and/or any other proper party.

28.	State Farm is estopped to deny coverage to Plaintiffs Dawn Strope and/or to the Estate by failing to inform them, the successors in interest of Decedent to the homeowner's insurance coverage of the termination of the coverage and Plaintiffs relied to their detriment on State Farm's coverage.

29.	State Farm is prevented from denying coverage to the Plaintiffs Dawn Strope and/or to the Estate under the Minnesota standard fire insurance policy, Minn. Stat. § 65A.01.

30.	Based upon the foregoing, an actual controversy and dispute of a justiciable nature has arisen between Plaintiffs Dawn Strope and/or the Estate and State Farm.

THEREFORE, based upon the foregoing, Plaintiffs Dawn Strope and/or the Estate Plaintiff requests, in the alternative, the following relief:

1. That this Court determine and declare that STATE FARM FIRE AND CASUALTY COMPANY has a duty to provide coverage to Plaintiffs Dawn Strope and/or the Estate, in the alternative, for the arson to the PROPERTY;

2. That this Court award damages for the arson loss to the PROPERTY; and

2. That this Court award Plaintiffs Dawn Strope and/or the Estate Plaintiff, in the alternative, their costs, attorneys' fees, and disbursements incurred herein (as allowed by law or by contract), as well as such other further relief as the Court deems just and equitable.

Dated:  November 1, 2018         /s/ Richard Dahl
                                                   Richard Dahl, MN Atty. I.D. (#0281104)
                                                   PREBICH LAW OFFICE P. C.
                                                   1932 2nd Avenue East, Suite 2
                                                   Hibbing, Minnesota 55746
                                                   Phone: (218) 262-6601
                                                   Facsimile: (218) 262-4316
                                                   Email:  rdahl@prebichlaw.com
                                                   Attorneys for Plaintiffs Dawn Strope-Robinson
                                                   and/or the Estate of David Clair Strope

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2018, the foregoing document was electronically filed with the US District Court Clerk for the UNITED STATES DISTRICT COURT for the DISTRICT OF MINNESOTA by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Dated:  November 1, 2018 /s/ Richard Dahl
Richard Dahl, MN Atty. I.D. (#0281104)
PREBICH LAW OFFICE P. C.
1932 2nd Avenue East, Suite 2
Hibbing, Minnesota 55746
Phone: (218) 262-6601
Facsimile: (218) 262-4316
Email: Rdahl55@aol.com &
Email:  rdahl@prebichlaw.com
Attorneys for Plaintiffs Dawn Strope-Robinson
and/or the Estate of David Clair Strope